UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

STATE FARM FIRE AND CASUALTY )
COMPANY, )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV96-S-2578-NE
 )
TYLER R. AUSTIN, )
BRIAN MASON, and )
ACCTAX, INC., )
 )
    Defendants. )

ENTERED
JUL - 8 1997

MEMORANDUM OPINION

    Plaintiff, State Farm Fire and Casualty Company ("State Farm") seeks a judgment declaring it under no obligation pursuant to the terms of a business insurance agreement (Policy No. 93-06-1909-2F) issued to defendant AccTax, Inc. ("AccTax") to defend either AccTax or its owner, Brian Mason,[1] against the claims of Tyler R. Austin in a separate action pending in this court as civil action number CV96-S-1948-NE.

    In the underlying action, Tyler R. Austin alleges she was subjected to discrimination by AccTax and Mason on the basis of her race (African-American) in violation of 42 U.S.C. § 1981. (Exhibit A to Complaint, ¶¶ 5-14.) Austin also presents a pendent state law

---

    [1] AccTax is the only person or entity designated in the Declarations of the policy. The policy defines "who is an insured" as: "If you are designated in the Declarations as ... an organization, other than a partnership or joint venture, you are an insured. Your executive officers, directors and trustees are insureds but only with respect to their duties as your officers, directors or trustees." (Insurance Agreement Attached as Exhibit B to Complaint, Section II,1.,c., at 27.) Although Brian Mason is not designated in the Declarations, State Farm has not argued that Mason is outside the definition of "who is an insured" under the policy. Therefore, this court presumes, for purposes of this motion, that Mason, as owner of AccTax, would be considered an insured as an "officer[], director[], or trustee" of AccTax. (*Id.*)

JUL-08-1997 16:12          205 551 0741                    P.04

claim for the tort of outrage. (*Id.*, ¶¶ 15-17.) Specifically, Austin claims she interviewed with AccTax for an entry level accountant position on December 6, 1995, and

> [d]uring the course of the interview, which was conducted by Brian Mason, the owner of AccTax, the defendants discriminated against the plaintiff on the basis of her race and subjected the plaintiff to racial harassment by constantly using racially offensive slurs and racially derogatory comments concerning African-Americans, including the word "nigger" numerous times.

(*Id.*, ¶¶ 7-8.) She further alleges that Mason's conduct "was sufficiently severe and pervasive as to cause the plaintiff not to take employment with the defendants" (*id.*, ¶ 10), and "caused the plaintiff to suffer embarrassment, humiliation, financial hardship, mental distress, [and] emotional pain and anguish." (*Id.*, ¶ 13.)

This action presently is before the court on State Farm's motion for summary judgment. Upon consideration of the motion, pleadings, briefs, and evidentiary submissions, this court concludes the motion is due to be granted.

### I. DISCUSSION

The insurance agreement between State Farm and AccTax provides that State Farm

> will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies. This insurance applies only:
>
> 1. to **bodily injury** or **property damage** caused by an **occurrence** which takes place in the **coverage territory** during the policy period.
>
> 2. to **personal injury** caused by an occurrence committed in the coverage territory during the policy period. The **occurrence** must arise out of the conduct of your business, excluding adver-

2

JUL-08-1997 16:08    USDC HUNTSVILLE    205 551 0741    P.004/009

> tising, publishing, broadcasting or telecasting done by or for you;
>
> 3. to **advertising injury** caused by an **occurrence** committed in the **coverage territory** during the policy period. The **occurrence** must be committed in the course of advertising your goods, products or services.

(Exhibit B to Complaint, Section II, at 20 (emphasis in original).)

State Farm argues that defendants cannot prove the underlying complaint involves any "bodily injury," "property damage," "personal injury," or "advertising injury." Defendants have not responded to State Farm's arguments for denying coverage as to "bodily injury," "property damage," and "advertising injury."[2] Instead, defendants assert only one basis for coverage under the policy: "personal injury."

> It is clear from a review of the lawsuit filed by Tyler Austin, that the lawsuit seeks recovery for "personal injury" as the same is defined in the State Farm policy...

(Defendants' Response, at 2-3.)

Under the policy, "personal injury" must be caused by an "occurrence," which is defined as "the commission of an offense, or a series of similar or related offenses, which results in **personal injury or advertising injury**." (Exhibit B to Complaint, Section II,10.,b., at 32 (emphasis in original).) Defendants argue "[t]he term 'occurrence' is defined in the policy utilizing the term 'offense' without definition – a term which, in the ordinary sense,

---

[2] Nonetheless, this court has reviewed State Farm's arguments and authorities cited in support thereof, regarding coverage under those three types of injuries, and concludes those arguments are correct. This court therefore adopts those arguments.

3

could include the most egregious of criminal conduct." (Defendants' Response, at 4.) Thereby, defendants construe the term "offense" as being broad enough to encompass the alleged misconduct of AccTax's owner, Brian Mason.

Defendants' contention is without merit. Although the term "offense" is not explicitly defined in the policy, its definition of "personal injury" supplies implicit guidance by marking off a list of covered "offenses." The term "personal injury" is defined as meaning

> injury, other than **bodily injury**, <u>arising out of one or more of the following offenses</u>:
>
> a.  false arrest, detention or imprisonment;
>
> b.  malicious prosecution;
>
> c.  wrongful eviction from wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, by or on behalf of its owner, landlord or lessor;
>
> d.  oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
>
> e.  oral or written publication of material that violates a person's right of privacy;

(Exhibit B to Complaint, Section II, 11., at 32 (emphasis added).) Courts construe "personal injury" provisions that cover only enumerated offenses, such as the one at hand, as providing coverage only if plaintiffs in the underlying action <u>allege or recover</u> for one or more of those enumerated offenses. *See, e.g., WDC Venture v. Hartford Accident and Indemnity Company*, 938 F.Supp. 671, 677 (D. Haw. 1996)("From this language, it is clear that one of the

4

enumerated offenses must have been 'committed during the policy period' for coverage under the personal injury clause"); *Russ v. Great American Insurance Companies*, 464 S.E.2d 723, 726-27 (N.C. Ct. App. 1995)("Courts in other jurisdictions have construed personal injury policy provisions that cover enumerated torts as providing coverage only if plaintiffs have alleged or recovered for one of the enumerated torts")(citations omitted); *Nichols v. American Employers Insurance Company*, 412 N.W.2d 547, 550-51 (Wis. Ct. App. 1987); *Hamlin v. Western National Mutual Insurance Company*, 461 N.W.2d 395, 398 (Minn. Ct. App. 1990).

The policy at issue does not list discrimination or harassment as "offenses" within the definition of "personal injury." Although Mason's alleged comments arguably represent an "oral .. publication of material that slanders ... a person" (Exhibit B to Complaint, at 32), Austin has not presented a claim for slander in the underlying action, and the time for amending her complaint to add such a claim has passed. (*See* Amended Scheduling Order entered April 21, 1997 in Civil Action No. 96-S-1948-NE ("No causes of action ... may be added after this date").) Further, the facts alleged in Austin's complaint do not establish an essential element of a slander claim: "publication." *See Nelson v. Lapeyrouse Grain Corp.*, 534 So.2d 1085, 1091 (Ala. 1988)("To establish a *prima facie* case of defamation, the plaintiff must show ... defendant ... publish[ed] a false and defamatory statement to another"). Thus, because Tyler R. Austin's claims, which are based on discriminatory and harassing conduct, do not fit within any of the five listed types of

5

"offenses" in the policy, there is no coverage. *See, e.g., Duff Supply Company*, 1997 WL 255483, at *17 (E.D. Pa. May 8, 1997)("Since discrimination is not one of the enumerated personal injury offenses in the ... Policy, there is no coverage for ... discrimination claims under that policy"); *Jefferson-Pilot Fire & Casualty Company v. Sunbelt Beer Distributors, Inc.*, 839 F.Supp. 376, 380 (D. S.C. 1993)(§ 1981 discrimination claim by former employee alleged "no injury that would fit into any of the[] specifically listed categories of covered offenses" in "personal injury" provision); *Lindsey v. Admiral Insurance Company*, 804 F.Supp. 47, 51-52 (N.D. Cal. 1992)(sexual harassment claim is not covered by "personal injury" clause in insurance policy); *State Farm Fire & Casualty Co. v. Compupay, Inc.*, 654 So.2d 944, 948 (Fla. Ct. App. 1995)(sexual harassment claim not covered under policy because "[a] plain reading of the policy provision unambiguously demonstrates that being disparaged, without more, is insufficient to invoke coverage").

Finally, even if Austin's claims in the underlying action were determined to be within the policy's definition of "personal injury," those claims still would be excluded under the policy's "Business Liability Exclusions," which provides:

> insurance does not apply to ... **bodily injury** or **personal injury** ... arising out of any ... harassment, humiliation, discrimination or other employment-related practices, policies, acts or omissions.

(Insurance Agreement Attached as Exhibit B to Complaint, Section II,5.,b.,(3), at 22 (emphasis added).)

6

As the United States District Court for the Northern District of Illinois stated in *Martin v. Brunzelle*, 699 F.Supp. 167, 171 (N.D. Ill. 1988), after reviewing a State Farm "personal injury" provision virtually identical to the one at hand,

> [i]n sum, the Policy language is clear and unambiguous: It does not provide coverage for racial discrimination. Hence, [the underlying] Complaint creates no potential for coverage. State Farm has no duty to defend.

## II. CONCLUSION

For the foregoing reasons, State Farm's motion for summary judgment is due to be granted. A final declaratory judgment consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this _8th_ day of July, 1997

_____
United States District Judge